## PARKBELT HOMES, Inc. v. UNITED STATES.

### No. 5769.

United States Court of Appeals
Fourth Circuit.

Dec. 15, 1948.

Thomas H. Fisher, of Chicago, Ill. for appellant.

S. Billingsley Hill, of Washington, D. C., Atty., Department of Justice (A. Devitt Vanech, Asst. Atty. Gen. and Roger P. Marquis, of Washington, D. C., Atty., Department of Justice, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in a suit instituted by the United States against the Parkbelt Homes, Incorporated, to recover the amount due by that corporation under a lease contract in which it agreed to pay a pro rata part of certain payments made by the United States to local taxing units in lieu of taxes on property. There was judgment in favor of the United States for the sum of $7,551.87, the amount demanded, with interest thereon from August 9, 1946, and defendant has appealed. The facts are fully and correctly set forth in the opinion of the District Court, which is reported in 76 F.Supp. 297, and need not be repeated here. They may be summarized briefly as follows:

The United States had acquired in the State of Maryland, near Washington, D. C., a large tract of land, containing in excess of 3,000 acres, for development into a low rent housing project, known as Greenbelt. Upon the project it had agreed to pay sums of money in lieu of taxes to local taxing units pursuant to the Bankhead and Lanham Acts. 40 U.S.C.A. 432 and 42 U.S.C.A. 1546. It subsequently leased three and a fraction acres of this land to the defendant Parkbelt Corporation upon an agreement that the latter would build ten houses upon it, pay a certain rental, and, in addition, pay a proportionate part of the amount in lieu of taxes which the United

States was obligated to pay on the entire property. The part of this amount which defendant was to pay was to be the same proportion of the entire sum paid by the United States that the value of the Parkbelt property was of the value of the entire Greenbelt property; and the United States was to make the valuations of the property upon which the proportion was to be based. The provision of the lease with regard thereto is as follows:

"The Lessee agrees to pay to the Lessor the pro rata share attributable to the Property (including all improvements and structures thereon) of (a) all taxes and special assessments levied on the Project, and (b) all payments in lieu of taxes and special assessments made by the Lessor on account of the Project. Such pro rata share of taxes, special assessments, and payments in lieu of taxes shall be computed by multiplying the total amount of taxes, special assessments, and payments in lieu of taxes, for any year on the Project, by a fraction the numerator of which shall be the value of the Property, including improvements and structures thereon, as determined by the Lessor, and the denominator of which shall be the value of the Project as determined by the Lessor. In determining such valuations, the Lessor shall consider such pertinent facts as may be submitted to it by the Lessee, and may consider the rentals paid for the various dwellings in the Project."

The proper officials of the United States valued the Greenbelt property for the purpose of making the payments in lieu of taxes provided by the Bankhead and Lanham Acts and, under agreements with the local taxing authorities, reduced this valuation by 34% for the purpose of applying the local tax rates, since other property was supposed to have been assessed for taxation at approximately 66% of its value. Valuations were made on the basis of reproduction cost and capitalization of income with little regard for actual cost; but the Parkbelt property was valued in the same way for the purpose of applying the formula of the lease and only 66% of its value was taken as the numerator of the fraction for which 66% of the value of the Greenbelt property was taken as the denominator

in making the computation provided for by the lease contract.

■ Parkbelt complains because community facilities were not included in the valuation of the Greenbelt property and because more weight was not given to the amounts actually expended in its development. It appears, however, that Greenbelt was a relief project undertaken to provide work for the unemployed and that the amount of money expended upon it was unreasonably large. We agree with the District Judge that, in a project of this sort, valuation based upon reproduction cost and capitalization of income cannot be said to be arbitrary or unreasonable. We think, also, that it is not unreasonable to assume that the value of community facilities is mirrored in the value of the property served by them.

■ There is nothing in the evidence to show that the valuations did not result in an equitable apportionment of the payments to be made in lieu of taxes in accordance with the contract; and certainly there is nothing to justify setting them aside. They were not matters of mere mathematical calculation but involved the exercise of judgment. To avoid controversy with regard thereto, the parties agreed that they should be made by the lessor; and, when so made, they were binding on both parties in the absence of evidence of fraud or bad faith. Kihlberg v. United States 97 U.S. 398, 24 L.Ed. 1106; United States v. Gleason, 175 U.S. 588, 20 S.Ct. 228, 44 L.Ed. 284; Ripley v. United States, 223 U.S. 695, 750, 32 S.Ct. 352, 56 L.Ed. 614; Kober v. United States, 4 Cir., 170 F.2d 590. There was no such evidence here; and, even if we thought that there had been a mistake in making the valuation by those designated by the contract to make it, the rule is well settled that we would not be justified in substituting our judgment for theirs.

■ Defendant complains of the allowance of interest, but this was in accordance with the terms of the contract. Defendant argues that it should be relieved of interest because it had deposited with the Reconstruction Finance Corporation an amount sufficient to pay the recovery; but it is admitted that the deposit was made under

232

the terms of a mortgage held by the R. F. C. and was not reachable by the United States for application on the obligation in suit. No authority is cited for the proposition that defendant is relieved of liability for interest under such circumstances and we know of none. It will not do to say that a deposit with the R. F. C. under the terms of its mortgage was either payment or tender to the United States pursuant to the terms of the lease sued on.

Affirmed.